# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 10-31562-WRS |
| | Chapter 7 |
| WILLIAM TERAH BEASLEY, | |
|     Debtor | |
| DANIEL G. HAMM, TRUSTEE, | |
|     Plaintiff | Adv. Pro. No. 10-3060-WRS |
| v. | |
| VIRGINIA LESTER BEASLEY, | |
|     Defendant | |

## MEMORANDUM

This case is before the Court on the Defendant's Motion to Remand the case to state court pursuant to 28 U.S.C. § 1446(a). (Doc. 2). The case was removed from state court by the Trustee, Daniel Hamm, because the state court entered a final divorce decree in violation of the automatic stay. (Doc. 1). Both sides have submitted briefs on the issue and for the following reasons, the Defendant's Motion is DENIED.

## Facts

The Debtor, William Terah Beasley, married the Defendant, Virginia Lester Beasley in 1978. (Doc. 6). In 1990, they separated, but did not divorce. During the course of their marriage and separation, the parties acquired a great deal of real property, jointly owned. The Trustee believes that there are a total of 10 jointly-owned locations with an estimated total tax value of $1.3 million. The parties also jointly incurred debt on these properties. The outstanding debt is roughly $735,000, with about $150,000 of that debt

appearing to be the result of a preferential transfer made within 90 days of filing. As such, there is an estimated $585,000 of debt associated with the real property. *Id.*

During the course of the marriage, the Debtor operated a car business, Terah Beasley Motors Company and the Defendant operated a dress shop. The car business appears to have been the principal source of income for the family, with the Defendant's income from the dress shop supplementing. The car business closed on May 31, 2010. According to the Trustee, the bulk of the debt listed in the Debtor's petition arises out of the operation of the now defunct business. *Id.*

On August 5, 2009, the Debtor filed for divorce in Crenshaw County Circuit Court and the Defendant filed her answer and counterclaim on October 15, 2009. *Beasley v. Beasley*, DR 2009-71 (Crenshaw Co. Cir. Ct. Ala. Jul. 7, 2010). A trial was held on May 25, 2010. The Debtor filed a chapter 7 bankruptcy on June 11, 2010, (Case No. 10-31562, Doc. 1), and a "Suggestion of Bankruptcy" was filed with the divorce court on June 16, 2010. Nonetheless, on July 6, 2010, the judge in the divorce proceedings entered a Final Decree of Divorce dissolving the marriage and dividing the marital property. No Motion to Lift Stay was ever filed with the Bankruptcy Court.

On July 29, 2010, the Trustee removed the underlying divorce proceeding to bankruptcy court and initiated this current adversary proceeding. (Case No. 10-3060, Doc. 1). The Trustee removed the proceeding because the final divorce decree was entered in violation of 11 U.S.C. § 362(b)(2)(A)(iv). *Id.* The Defendant has objected and has filed a motion to remand. (Doc. 2). Moreover, the Debtor and the Defendant appear to not have an issue with the Crenshaw County Circuit Court's division of the property; only the

2

Trustee has raised an issue as to the equitable nature of the division due to the Trustee's duty to all creditors. (Case No. 10-3060, Doc. 6, pg. 9). For the following reasons, this Court has determined that removal was proper and that an evidentiary hearing needs to be held to determine how to proceed in the manner.

## Conclusions of Law

This Court has jurisdiction to hear "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Upon the filing of a bankruptcy petition, an estate is automatically created comprised of the debtor's property. 11 U.S.C. § 541. Section 541(a) states that "all legal or equitable interest of the debtor in property as of the commencement of the case" becomes part of the estate when the petition is filed and the estate created. *Id.* Once the petition is filed and the estate is created, a stay immediately goes into effect, preventing the distribution of assets or the collection on the debtor's liabilities. 11 U.S.C. § 362. The purpose of the automatic stay is two-fold: "(1) relieving the debtor from added financial pressure during the pendency of the bankruptcy proceedings, and (2) protecting creditors by preventing the premature disbursement of the bankruptcy debtor's estate." *Williford v. Williford (In re Williford)*, 294 Fed. Appx. 518, 521, 2008 WL 4335942, *3 (11th Cir. 2008). However, § 362 lays out certain actions which do not violate the stay and do not need court approval beforehand, specifically, the stay does not operate "for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate[.]" § 362(b)(2)(A)(iv).

3

In the case at hand, the Debtor and non-debtor spouse had a pending divorce case prior to the Debtor filing for bankruptcy. They had been separated for almost twenty years and a trial had been held as to the determination of the dissolution of their marriage when the Debtor initiated the underlying bankruptcy case. Once the Debtor filed his petition, all of the Debtor's property, including jointly-owned property, became part of the Debtor's Chapter 7 bankruptcy estate. *See* 11 U.S.C. § 541. The automatic stay also took effect at this time. 11 U.S.C. § 362. While the state court in the existing divorce case could proceed with dissolving the marriage, the automatic stay acts to prevent any distribution of property absent one of the parties seeking relief from the stay. 11 U.S.C. § 362(1); *see generally, In re Williford*, 294 Fed. Appx. 518 (11th Cir. 2008); *Devine v. Devine*, 812 So.2d 1278 (11th Cir. 2001). But, despite being notified of the current bankruptcy, the state court not only entered a decree dissolving the marriage, but violated the automatic stay when it also acted, as part of the divorce decree, to divide the marital property. Therefore, this Court finds that: (1) it has jurisdiction over the divorce proceeding insofar as it involves property of the estate, (2) removal of the divorce proceeding was proper, and (3) the Defendant's Motion to Remand is denied.

The question now remains: how should this Court handle the state court's violation of the automatic stay with its order distributing the marital/bankruptcy estate property? Any action "taken in violation of the automatic stay [is] void and without effect." *Id.* (citing *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006)). Thus, the divorce decree, to the extent that it violates the automatic stay, is void. However, § 362(d)(1) gives the courts discretion to terminate, annul, modify, or condition the stay upon a finding of

4

cause.  *See also In re Williford*, 294 Fed. Appx. at 522, 2008 WL 4335942 at *3.  This Court sees that it has two options: allow the divorce decree to remain void, to the extent that it distributes estate property and reconsider *in toto* the marital property distribution or if cause exists, annul the stay so that the divorce decree *in toto* can take effect.

The Court is hesitant to reconsider the entire divorce decree because it thinks that when it comes to domestic issues, the divorce court is better suited for such considerations.  *See generally, Grace v. Grace (In re Grace)*, Ch. 7 Case No. 99-2316-WRS, Adv. No. 99-132-WRS, slip op. (Bankr. M.D.Ala. Jun. 23, 2000).  Specifically, this Court recognizes that divorce courts are given broad discretion to divide marital property equitably, but that it does not mean the division has to be equal.  *In re Grace*, Ch. 7 Case No. 99-2316-WRS, Adv. No. 99-132-WRS, slip op. at 4 (referencing *Farthing v. Farthing*, 590 So.2d 291, 292 (Ala. 1991); *Crenshaw v. Crenshaw*, 717 So.2d 422 (Ala. Civ. App. 1998); *Wheelless v. Wheelless*, 567 So.2d 386 (Ala. Civ. App.  1990)).  Moreover, divorce courts are instructed to consider the facts and circumstances of each case, including "(1) the earning abilities of the parties; (2) their future prospects; (3) their ages and health; (4) the duration of the marriage; (5) the source, value, and type of property; and (6) the conduct of the parties."  *Id*. (citing *Crenshaw*, 717 So.2d at 423 (internal citation omitted)).  While this Court understands these considerations taken in a divorce proceeding and could mimic, to some extent, a divorce court's function, ultimately, this Court is charged with a duty to consider not just the interests of the parties divorcing, but also the creditors in a

5

bankruptcy proceeding.  In fact, the Eleventh Circuit has advised that, "limited to its proper role, the bankruptcy court will not duplicate the functions of state domestic relations courts, and its rulings will impinge on state domestic relations issues in the most limited manner possible."  *In re Williford*, 294 Fed.Appx. at 521-22, 2008 WL 4335942 at *3 (citing *In re Harrell*, 754 F.2d 902, 907 (11th Cir. 1985)).

Despite this Court's reservations on entangling itself in state domestic relations affairs, this Court still has a duty to the other creditors to ensure that a debtor does not seek a divorce in order to protect marital property from creditors.  *Id.*  However, based on the Debtor's petition and the pleadings in this adversary proceeding, the Court does not think it has enough information to make an informed decision as to how to handle the divorce decree.  Specifically, the divorce decree refers to various marital properties under different descriptions than the petition does, at least two real properties listed in the Debtor's petition as joint property are completely unaccounted for in the divorce decree, and it is unclear from the petition and the divorce decree how various debts encumber various properties.  Therefore, this Court anticipates these questions will be resolved at an evidentiary hearing.

## **CONCLUSION**

For the reasons stated above, this Court finds that is has jurisdiction over the state court divorce proceedings and divorce decree to the extent that the automatic stay was violated and therefore, the Defendant's Motion to Remand is DENIED.  The Court also concludes that it cannot make a determination on the divorce decree with the current facts

6

and an evidentiary hearing may be necessary to address the issues. The Court will enter a separate order to this effect by way of a separate document.

Done this 12th day of April, 2011.

/s/ William R. Sawyer  
United States Bankruptcy Judge

c: Susan S. DePaola, Attorney for Plaintiff  
   Von G. Memory, Attorney for Defendant